

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 22, 1959

Honorable Frank M. Jackson
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Opinion No. WW-600

Re: Status of funds accru-
ing to the Teacher
Retirement System of
Texas for the remainder
of the fiscal year end-
ing August 31, 1959, and
the availability of such
funds to pay administra-
tive costs of the Teacher
Retirement System.

Dear Mr. Jackson:

Your request for an opinion submits two (2) ques-
tions for our consideration as follows:

"1. Should monies accruing to the
respective funds of the Teacher Retirement
System, particularly funds accruing to the
interest fund thereof, for the remainder of
this fiscal year ending August 31, 1959, be
deposited in a special trust account in the
custody of the State Treasurer or should same
be deposited in the State Treasury.

"2. If such funds are properly deposited
in the special trust account may any portion of
the funds so deposited be used by the System to
cover deficiencies in funds appropriated for
administrative costs for the remainder of this
fiscal year without the necessity of further
legislative appropriation. In this connection,
the aggregate expended for administrative costs,
including appropriated funds plus the supple-
mentary funds from the trust account, would not
exceed the total authorized for administrative
costs by general statute. (The total of
teacher membership fees plus a sum not to exceed

50¢ per member which may be transferred
from the interest fund.)"

Your first question is expressly answered by the
final sentence, under "Summary", in Attorney General's
Opinion WW-565 (1959), wherein it is stated:

"Funds hereafter accruing to each
retirement system should be deposited in
such trust account."

Funds collected by the Teacher Retirement System
include membership fees, income from investments and match-
ing contributions paid by teacher members. These collections
together with any other funds or monies collected by the
Teacher Retirement System for the remainder of this fiscal
year and thereafter, unless the applicable statutes are amended
to provide otherwise, should be placed in the hands of the
State Treasurer, as custodian, and not in the Treasury.

Section 10 of Article 2922-1, Vernon's Texas Civil
Statutes, provides for the creation of the various funds of
the Teacher Retirement System. Included is the Expense Fund
from which all expenses of administration and maintenance are
directed to be paid. No part of the Expense Fund comes from
state tax sources. The fund is made up of the $2.00 annual
membership fee paid by each teacher member with the further
provision that if the aggregate of membership fees collected
is insufficient to cover expenses of administration, the
system's Board of Trustees shall transfer to the Expense Fund
from the Interest Fund an amount necessary to cover administra-
tive costs but in no event shall the amount transferred exceed
in any one year Fifty Cents ($ .50) per member of record as of
August 31 of that year. Hence, it is evident that the Legis-
lature by general statute has placed a definite limit on the
funds available to the Teacher Retirement System to cover
administrative costs. This limit cannot under any circum-
stances be exceeded and it is immaterial in so far as this
limitation is concerned, whether the funds expended come from
the Treasury or from the trust account in the hands of the
Treasurer as Custodian.

As we have pointed out, monies properly collected
for the credit of the Expense Fund and Interest Fund, as
well as other funds of the Retirement System, for the remainder
of this fiscal year should not be deposited in the State
Treasury but should be placed in a special trust account in the

hands of the State Treasurer. The funds so deposited may be expended to supplement present legislative appropriations for administrative costs of the Retirement System for the remainder of this fiscal year without the necessity of legislative appropriation. This conclusion must follow since Section 6 of Article VIII of the Constitution of Texas, merely requires that funds deposited in the Treasury cannot be expended or drawn from the Treasury without specific appropriation. This provision of the Constitution, by its clear terms, applies only to funds within the Treasury and not to funds outside the Treasury. The expenditure of such funds, however, is governed by the restrictions set out above. This means that the total costs of administration and maintenance of the Retirement System for this fiscal year must not exceed the aggregate of membership fees standing to the credit of the Expense Fund plus the transfer of a sum from the Interest Fund to the Expense Fund not to exceed Fifty Cents ($ .50) per member of record as of August 31, 1959. Your request points out that these limits will not be exceeded.

Your second question, therefore, is answered in the affirmative.

## SUMMARY

Monies accruing to the respective funds of the Teacher Retirement System for the remainder of this fiscal year and thereafter, unless the applicable statutes are amended to provide otherwise, should be deposited outside the Treasury in a special trust account with the State Treasurer as Custodian.

The funds so deposited may be used by the Board of Trustees of the Teacher Retirement System, within the limits described, to supplement current legislative appropriations for costs of administration and maintenance.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Leonard Passmore*

Leonard Passmore
Assistant

LP:rm:mg

Honorable Frank M. Jackson, page 4 (WW-600)


APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn

Richard O. Jones
J. Milton Richardson
Marvin H. Brown, Jr.
Robert T. Lewis
David R. Thomas

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. B. Geppert